IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00335-MR-WCM

| | |
|---|---|
| LESLIE DIANNE PHILLIPS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 11, 15), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.   **Procedural Background**

In February of 2017, Plaintiff Leslie Dianne Phillips ("Plaintiff") filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on December 12, 2014. Transcript of the Administrative Record ("AR") 351-352; 349-350.

On November 30, 2017, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued

1

an unfavorable decision. AR 188-207. That decision was vacated and remanded by the Appeals Council on July 8, 2019. AR 208-212.[1]

On February 28, 2020, following another administrative hearing at which Plaintiff appeared and testified, a different ALJ issued an unfavorable decision. AR 15-38. The February 28, 2020 decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "hernia post repair; mild coronary artery disease; cerebrovascular accident; right hemisphere with a possible transient ischemic attack; obesity; stable seizure disorder; bipolar disorder; and anxiety disorder." AR 21. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform "light" work…except there could be no more than frequent climbing of ramps and stairs. No climbing of ropes, ladders, or scaffolds. There could be frequent but no greater balancing, stooping, kneeling, crouching, and crawling. She would need to avoid concentrated exposure to unprotected heights and open hazards as well as tolerate [sic] from sitting and standing, hourly, while remaining on task. She is limited to simple, routine, repetitive tasks. There

---

[1] The Appeals Council remanded based on an error of law – specifically, that the ALJ failed to admit certain evidence.

> could be occasional superficial public contact requiring no conflict resolution. There could be frequent contact with supervisors and co-workers but work could not involve teamwork for task completion.[2]

AR 23.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain representative jobs that exist in significant numbers in the national economy – specifically the jobs of "file clerk," "photocopy machine operator," and "router" – such that Plaintiff was not disabled during the relevant period. AR 30-31.

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to account for some of her mental limitations and also failed to explain the mental limitations he did include in Plaintiff's RFC. Additionally, Plaintiff argues that there is an apparent conflict between the job of "file clerk" and her limitation to "simple, routine, repetitive tasks," and that the other occupations relied upon by the ALJ are obsolete.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from

---

[2] This RFC is similar to that set out in the November 30, 2017 decision, which included a limitation that Plaintiff would need to "alternate between sitting and standing hourly while remaining on task." AR 196.

engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

### A. Plaintiff's Mental Limitations

Plaintiff argues that the ALJ failed to include certain limitations in her RFC and that the ALJ did not explain adequately his conclusion that Plaintiff could complete simple, routine, repetitive tasks, interact superficially with the public, and interact frequently with supervisors and coworkers.

In considering Plaintiff's mental limitations, the ALJ cited multiple treatment records reflecting Plaintiff's normal attention, concentration, recent and remote memory, judgment, mood, and affect. AR 22 (citing AR 499-510 & 550-553 (mental health treatment records from Foothills Consulting Associates, LLC/Dr. George Bradley dated June 18, 2013 through July 16, 2015)). The ALJ also cited records indicating Plaintiff exhibited "no apparent cognitive impairment" and was able to follow "multiple step commands." AR 22 (citing AR 539 (January 2015 treatment record); AR 544 (April 2015 treatment record); AR 934 (August 26, 2018 treatment record)).

Although the ALJ acknowledged Plaintiff's testimony that she went into "panic mode" when interacting with people outside of her family, he found such testimony to be inconsistent with the treatment notes from Plaintiff's psychiatrist, Dr. Bradley, which "more consistently noted that the claimant's psychotropic medications improved her anxiety and mood." AR 29; see also AR 24 (citing AR 499 (December 10, 2014 treatment note reflecting Plaintiff had

5

"remarkable improvement" with her mood and anxiety with medication, and that Plaintiff denied side effects); AR 702 (March 30, 2015 note wherein Plaintiff reported she is "not having any mood swings or racing thoughts. She is also not feels [sic] depressed and functioning well")).

Further, while the ALJ considered Plaintiff's reports of pain, he also cited medical records indicating that Plaintiff was satisfied with her current pain medication regimen and did not feel any change was needed, and that her medication decreased her pain and did not cause significant problems. AR 25 (citing AR 539 (January 2015 treatment note); AR 544 (April 2015 treatment note)); see also id. (citing AR 577 (Plaintiff's July 15, 2015 report that she walked on her farm all day long)).

It appears that the ALJ included certain limitations in Plaintiff's RFC to account for Plaintiff's reports of pain, panic attacks, and anxiety, despite treatment records that showed improvement. See AR 23. Although Plaintiff contends that the ALJ failed to explain why these limitations were appropriate given the absence of any applicable medical opinion, "there is no requirement that an ALJ base his RFC finding, or any particular limitation in it, on a medical opinion." Wykle v. Saul, No. 1:19-cv-155-MOC, 2020 WL 697445, at *6 (W.D.N.C. Feb. 11, 2020) (citations omitted); see also Durham v. Saul, No. 3:20-CV-00295-KDB, 2021 WL 1700353, at *6 (W.D.N.C. April 29, 2021) (finding that the ALJ "fairly assessed" plaintiff's ability to perform relevant functions

and that the ALJ's analysis did not "frustrate meaningful review" where it appeared that the ALJ "gave Plaintiff the benefit of the doubt regarding mental limitations").

Apart from the limitations the ALJ did include, Plaintiff argues that the ALJ also erred by failing to include an "off task" limitation or a limitation addressing her ability to accept instruction and respond appropriately to criticism. In this regard, Plaintiff points out that the vocational expert testified that a hypothetical claimant who was off task more than 15% of the time would be precluded from competitive employment, and that during an administrative hearing on June 27, 2013 (with respect to a prior claim of disability), Plaintiff testified that she had previously been fired for "goin' into rages." See AR 113; AR 53. However, Plaintiff cites to no evidence from the relevant period that would indicate additional limitations were needed. See Durham, 2021 WL 1700353, at *5 ("Plaintiff not the Commissioner bears the burden of establishing her limitations and Plaintiff makes no merits argument as to why the relevant limitations that the ALJ found allegedly are inadequate") (citing Hendrickson v. Berryhill, No. 1:16-cv-00367-MOC-DLH, 2018 WL 1431751, at *7 (W.D.N.C. Mar. 22, 2018) ("A claimant has the burden to prove the extent of h[er] functional limitations; it is not the ALJ's burden to prove a lack of limitations") (citing Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013)).

### B. The Jobs Relied Upon By the ALJ

#### 1. Reasoning Level of Three

The Reasoning Development scale of the Dictionary of Occupational Title ("DOT") has six levels—Level 1 requires the least reasoning ability, and Level 6 requires the most reasoning ability. See DOT, App. C, 1991 WL 688702. A "reasoning level of three" requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT, Appendix C, 1991 WL 688702.

Here, Plaintiff argues that the job of file clerk, which has a reasoning level of "3" is inconsistent with her limitation to simple, routine, repetitive tasks.

Some courts in this district have held that a limitation to simple, routine, repetitive tasks does not conflict with a DOT reasoning level of either 2 or 3. See Dixon v. Berryhill, 3:17-cv-00463-MR, 2018 WL 3833501, at *4 (W.D.N.C. Aug. 13, 2018) (quoting Martin v. Colvin, No. 1:14-cv-234, 2015 WL 9094738, at *5 (W.D.N.C. Dec. 16, 2015) (Voorhees, J.) (quoting Carringer v. Colvin, No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)) and citing Clontz v. Astrue, No. 2:12-cv-00013, 2013 WL 3899507, at *5 (W.D.N.C. July 29, 2013) (Whitney, J.); Thacker v. Astrue, No. 3:11-cv-246-GCM-DSC,

2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011); but see Lorch v. Berryhill, No. 3:16-cv-00076-RJC, 2017 WL 1234203 (W.D.N.C. March 31, 2017); see also Leigh v. Saul, No. 1:19-cv-00142-FDW, 2020 WL 3578312, at *5 (W.D.N.C. July 1, 2020) ("Courts in this district have disagreed whether a restriction to simple, routine, and repetitive work conflicts with jobs that require level three reasoning").[3]

## 2. Jobs of "Photocopy Machine Operator" and "Router"

"A decision finding a claimant not disabled based on his ability to perform work that no longer exists in the national economy is not supported by substantial evidence." Abernathy v. Saul, No. 3:20cv213-GCM, 2021 WL 1734353, at *3 (W.D.N.C. May 3, 2021).

In this case, Plaintiff contends that the jobs of "photocopy machine operator" and "router" are obsolete. See Applefeld v. Commissioner, Social Security Administration, No. SAG-17-517, 2018 WL 1136571, at *5, n. 1 (D. Md. March 1, 2018) (noting that the job of photocopy machine operator was obsolete but that this was not a basis for remand because the vocational expert testified to the availability of another job which did not appear outdated); see

---

[3] Plaintiff also asserts that the job of file clerk requires a Specific Vocational Preparation level of 3, which she contends is inconsistent with her ability to perform simple, routine, repetitive tasks. However, Plaintiff provides no support for this argument.

9

also Kelly P. v. Saul, No. 5:18-cv-00777-MAA, 2019 WL 3573591, at *5-6 (C.D. Cal. Aug. 6, 2019) (job of router potentially obsolete).

"While the DOT is not conclusive of the job's existence in the national economy, it raises a presumption that the job exists." Sturdivant v. Saul, No. 3:18-CV-00301-KDB, 2019 WL 6307416, at *6 (W.D.N.C. Nov. 22, 2019).

Here, it is not immediately clear that the jobs of photocopy machine operator and router are obsolete. See Bolick v. Berryhill, No. 5:16-cv-224-GCM, 2018 WL 4107999, at *4 (W.D.N.C. Aug. 29, 2018) (ALJ did not err in relying on VE's testimony with respect to the job of "addresser" where plaintiff argued such job was obsolete based on a review study conducted in 2011 Social Security Administration which mentioned the position "might be obsolete" and the Administration had not "promulgated any regulations removing this position from use by vocational experts"); Lewis v. Colvin, No. 7:13-CV-59-D, 2014 WL4205834, at *13 (E.D.N.C. Aug. 5, 2014), recommendation adopted, 2014 WL 4205994 (E.D.N.C. Aug. 25, 2014); see also Cogar v. Colvin, 3:13-cv-380-FDW, 2014 WL 1713795, at *7 (W.D.N.C. April 30, 2014) ("The Fourth Circuit has previously found as few as 110, 153, and even 650 jobs significant enough to satisfy the Commissioner's burden") (citations omitted).

However, even if these jobs are obsolete, Plaintiff does not argue that the job of file clerk is obsolete.

10

### C. Plaintiff's Notice of Supplemental Authority

On August 17, 2021, Plaintiff filed a "Notice of Supplemental Authority" directing the Court to the recent Supreme Court cases of Collins v. Yellen, 141 S.Ct. 1761 (2021) and Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S.Ct. 2183 (2020). Doc. 14. As an exhibit to the filing, Plaintiff attached a Memorandum Opinion for the Deputy Counsel to the President (the "Memorandum Opinion") which purports to state that the President may remove the Commissioner of Social Security at will and that the statutory removal restriction in 42 U.S.C. § 902(a)(3) is constitutionally unenforceable. Doc. 14-1.

On September 16, 2021, Plaintiff filed a response to Defendant's Motion for Summary Judgment (the "Response," Doc. 18). Therein, Plaintiff responded substantively to the Commissioner's Motion for Summary Judgment, and additionally asked the Court "to stay this case for briefing of the constitutionality of the Commissioner's decision." Doc. 18 at 1.

However, Plaintiff does not make any argument regarding Collins, Seila Law, or the Memorandum Opinion in either her Notice of Supplemental Authority or her Response. Further, Plaintiff has embedded a motion to stay in her Response and has not filed a separate motion seeking such relief. See Local Civil Rule 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading"); Parker v. Saul,

11

No. 3:20cv539-GCM, 2021 WL 4596340 at *1 (W.D.N.C. Oct. 6, 2021) (declining to consider the submission of this supplemental authority where Plaintiff failed "to make any showing or argument as to how either case or the memorandum opinion supports Plaintiff's argument that the Commissioner's decision on his disability claim was incorrect") (citing Haperin v. Saul, 855 Fed. Appx. 114, 120 n.8 (4th Cir. Apr. 6, 2021) (A party "waives an argument by … failing to develop its argument—even if its brief takes a passing shot at the issue") (internal citations omitted); Whiteside v. Berryhill, No. 1:18-CV-00176-FDW, 2019 WL 1639936, at *3 (W.D.N.C. Apr. 16, 2019); Sanders v. Berryhill, No. 1:16-CV-0236-MOC-DLH, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) ("It is not the role of this Court to recraft a legal argument submitted by counsel or make counsel's legal argument for him or her; this Court's role is to rule on the specific legal arguments presented by counsel")).

## VI. Recommendation

The undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **DENIED**, and that the Commissioner's Motion for Summary Judgment (Doc. 15) be **GRANTED.**

Signed: November 23, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).